UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENMAR DEVELOPMENT, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-902 |
| | § | |
| DEVON ENERGY CORPORATION | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the court is plaintiff's motion to remand this diversity action due to insufficient amount in controversy. (Dkt. 8). Having considered the parties' submissions and applicable legal authority, the court concludes[1] that plaintiff's motion should be granted and the case remanded. Plaintiff's request for sanctions against defendant is denied.

## Background

Plaintiff Enmar Development, Inc. filed this action in the County Civil Court at Law No. 3 of Harris County, Texas against defendant Devon Energy Corporation, seeking collection of $41,840.00 for an unpaid debt. In the alternative, Enmar seeks damages in the same amount under theories of breach of contract or quantum meruit, based on Devon's alleged refusal to pay for its software writing services.

On March 17, 2006, Devon removed the case to this court on the basis of diversity jurisdiction. Enmar is a Texas corporation with its principal place of business in Houston,

---

[1] The parties have consented to proceed before this magistrate judge for all purposes, including final judgment (Dkt. 15).

Texas and Devon is a Delaware corporation with is principal place of business in Oklahoma City, Oklahoma. On May 5, 2006, Enmar filed this motion to remand[2] on the grounds that the amount in controversy is below the $75,000 threshold required for federal jurisdiction. *See* 28 U.S.C. § 1332. Defendants filed a response on July 5, 2006 and a supplement to its response on July 19, 2006.[3]

Enmar's original petition seeks $41,840 in damages and reasonable attorney's fees, as well as interests and costs.[4] Enmar argues its attorney's fees cannot reasonably be expected to equal or exceed $33,160.00. Accordingly, Enmar contends that the amount in controversy does not meet the threshold requirement of $75,000. Enmar also claims that there was no reasonable basis for Devon's removal and requests sanctions against Devon in the form of reasonable attorney's fees for preparing the motion to remand.

Devon responds that it offered to agree to remand if Enmar would stipulate to a damage cap of $75,000. Enmar, however, did not agree. Devon argues that Enmar's refusal

---

[2] Although filed more than thirty days after removal, Enmar's motion is timely because it challenges subject matter jurisdiction. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 786 (5th Cir. 1996). If there are defects in the court's subject matter jurisdiction, the plaintiff may file a motion to remand at any time before the district or appellate court renders a final judgment. 28 U.S.C. § 1447(c).

[3] The court notes that Devon complains that it was not properly served with Enmar's motion to remand and that it did not have notice of Enmar's motion until June 19, 2006. Any objection for improper service on the motion is now moot, as the parties had ample notice and opportunity to respond before any ruling was rendered.

[4] The jurisdiction threshold for the amount in controversy excludes interests and costs. 28 U.S.C. § 1332(a).

to stipulate is tantamount to an admission that its claim is more than $75,000 and that the present action is more complex than Enmar admits.

## Legal Standards and Analysis

A defendant may remove any civil action from state court to the United States District Court where the district court has original jurisdiction. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are diverse. 28 U.S.C § 1332(a). The defendant, as the removing party, bears the burden of establishing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Because removal of state court cases raises significant federalism concerns, removal jurisdiction is strictly construed. *See Eastus v. Blue Bell Creameries, L.P.,* 97 F. 3d 100, 106 (5th Cir. 1996). The court must remand the matter "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Generally, the state court petition is consulted to determine the amount in controversy, and the sum claimed by the plaintiff controls if made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002). Accordingly, if the plaintiff pleads damages less than the jurisdictional amount, this figure will generally bar removal. *Allen*, 63 F. 3d at 1335 ("Thus, in the typical diversity case, the plaintiff is the master of his complaint").

Nonetheless, where an exact amount has been pled, if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal it was legally certain not to be able to recover that amount. *De Aguilar*, 47 F.3d at 1412.

Here, Enmar's state court petition seeks to recover an uncollected debt of $41,840.00, an amount less than the jurisdictional threshold. In response, Devon attempts to satisfy its burden of establishing the requisite amount in controversy in three ways. First, it points to Enmar's unwillingness to stipulate that it would not seek damages in excess of $75,000. But a party's refusal to enter such a stipulation could be based on tactical or strategic considerations other than a covert desire to seek greater damages. Here, for example, Enmar's counsel indicated it would accept the proposed stipulation if Devon would agree to a similar cap on any counterclaim it might pursue. (Dkt. 10, Ex. 1). Under such circumstances, the refusal to accept the proposed damage stipulation in itself is no substitute for evidence of the amount in controversy. Other district courts in this circuit adhere to this rule. *Powell v. Nat'l Action Fin. Serv.*, No. H050806, 2005 WL 1866150, at *1-4, * 3 (S.D. Tex. 2005) ("[M]ere failure to respond to a request for stipulation cannot be used as a basis for removal"); *McLain v. Am. Int'l Recovery, Inc.*, 1 F.Supp.2d 628, 631 (S.D. Miss. 1998)

Second, Devon cites Enmar's initial disclosures, in which Enmar stated that it would seek "any incidental and consequential damages to the extent recoverable" in addition to actual damages and attorney's fees sought in its petition. Enmar did not specify the amount

4

of such damages at issue.  Nor has Enmar specifically pled such damages, which is a prerequisite for such recovery under Texas law.  *See* TEX. R. CIV. P. 56; *Tex. Mut. Ins. Co. v. Ledbetter*, 192 S.W.3d 912, 920 n. 6. (Tex. App. - Eastland 2006).  Devon has not offered any proof regarding the amount of such potential damages.  Devon may not rely on such speculative and conclusory allegations to satisfy its burden.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "When specifically contested in a motion to remand, bare allegations by the removing party have been held insufficient to invest a federal court with jurisdiction." *Asociacion Nacional de Pescadores a Pequene Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993). Rather, the defendant has "an affirmative burden to produce information, through factual allegations or an affidavit" that is sufficient to demonstrate the requisite jurisdictional amount.  *Simon*, 193 F.3d at 851.

Finally, Devon relies on Enmar's claim for attorney's fees to bridge the amount in controversy gap.  Attorney's fees may appropriately be taken into account for diversity jurisdiction purposes where, as here, there is a statutory basis to recover such fees. TEX. CIV. PRAC. & REM. § 38.001 (1997).  But once again Devon has made no attempt to quantify the amount of attorney's fees which might reasonably be recovered here, beyond the mere assertion that there will be "complex factual issues" related to the software performance that it "anticipates will require considerable discovery."  Enmar responds that at its counsel's billing rate of $195.00 per hour, Enmar's attorneys would have to devote more than 170

5

hours on this case in order to cross the jurisdictional threshold.  The court agrees that it would be unlikely for the plaintiff to reasonably incur attorney's fees greater than $33,000 in pursuit of a $41,000 claim.

Enmar has stated a claim in the original petition for less than the diversity jurisdictional threshold.  Devon has not shown by a preponderance of evidence that the amount in controversy exceeds $75,000.  Therefore, this court lacks subject matter jurisdiction and the case must be remanded to state court.

## Conclusion

For the reasons discussed above, plaintiff's motion to remand is GRANTED.  The case shall be REMANDED to the County Civil Court at Law No. 3 of Harris County, Texas.

Signed at Houston, Texas on October 20, 2006.

Stephen Wm Smith
United States Magistrate Judge